IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03210-CBS

DAVID MCDERMID,

Plaintiff,

v.

HERIBERTO GARZA, and
RENEE D. GRIMES-BOORMAN,

Defendants.

_____

**ORDER REGARDING DEFENDANT'S MOTION TO DISMISS**
_____

Magistrate Judge Craig B. Shaffer

This case is before this court pursuant to the Order of Reference entered on July 17, 2014 (Doc. # 45), and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge. Defendant Renee D. Grimes-Boorman filed her Motion to Dismiss (Doc. # 46) on August 11, 2014. David McDermid filed a response[1] (Doc. # 54) on January 5, 2015, and Defendant Grimes-Boorman submitted her reply (Doc. # 55) on January 15, 2015. This court has carefully considered these filings, the court file, and the applicable case law.

### I.  FACTUAL BACKGROUND

On November 22, 2013, Mr. McDermid initiated this action with the filing of a *pro se* Prisoner Complaint, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

---

[1] Mr. McDermid has attached two exhibits to his response. He did not, however, attach these exhibits to his Third Amended Complaint. Nor did he reference them or incorporate them into the Third Amended Complaint. When a party submits materials outside the pleadings in support or in opposition to a Rule 12(b)(6) motion, the court has broad discretion whether to accept or consider them. *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998). The court declines to consider these exhibits in evaluating the motion to dismiss.

*Narcotics*, 403 U.S. 388 (1971). Mr. McDermid filed an amended complaint on December 23, 2013. On January 1, 2014, Magistrate Judge Boyd Boland directed Mr. McDermid to file a second amended complaint. Judge Boland concluded that the amended complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because — despite naming seven individual defendants — the allegations in Mr. McDermid's amended complaint only implicated one of those defendants. Thereafter, Mr. McDermid filed a second amended complaint alleging claims against three defendants: Heriberto Garza, Renee D. Grimes-Boorman, and Michael Hudson[2]. Defendants Grimes-Boorman and Hudson filed a motion to dismiss on June 9, 2014, asserting that Mr. McDermid had failed to state a claim for relief against either of them. Rather than responding to the motion to dismiss, Mr. McDermid sought, and was granted, permission to file another amended complaint.

In his Third Amended Complaint, filed on July 16, 2014, Mr. McDermid asserts violations of his Eighth Amendment right against cruel and unusual punishment against Defendant Garza and Defendant Grimes-Boorman. (Doc. # 43). Specifically, in his first claim for relief, Mr. McDermid asserts that he is diabetic and requires prescription insulin shots in order for his body to convert food into energy. On September 27, 2012, Defendant Garza allegedly reduced Mr. McDermid's insulin prescription "to the point that [he] started starving." Mr. McDermid alleges that he informed Defendant Garza that he was losing weight and that "the reduced insulin [would] cause [him] to lose weight faster." Mr. McDermid contends that, as a result of Defendant Garza's actions, he developed a perforated ulcer. Defendant Garza, however, has not been served with a copy of this complaint or any of the previous complaints. Consequently, he is not a party to the action.

---

[2] Defendant Hudson was named in the complaint as "M. Huchan."

In his second claim for relief, Mr. McDermid alleges that Defendant Grimes-Boorman denied giving him insulin on a number of occasions. He lists ten dates on which he allegedly did not receive insulin and states that "most of those times were due to Defendant Grimes-Boorman." He also alleges that when Defendant Grimes-Boorman administers his shots, she replaces the insulin with air. He asserts that when he does not "get insulin, [his] body produces ketones, which by information and belief is an acid that damages the body." Mr. McDermid further alleges that on one occasion, Defendant Grimes-Boorman accused him of hiding food and that "she seemed quite aggressive on the job." Mr. Mc Dermid seeks an award of compensatory and punitive damages, and a declaration that the defendants' actions violated his rights under the Constitution.

Defendant Grimes-Boorman has moved to dismiss Plaintiff's Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Mr. McDermid has failed to state a claim under the Eighth Amendment and that his claims are barred by the doctrine of qualified immunity.

## II. STANDARD OF REVIEW

### A. Motions to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). The court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, this court may consider exhibits attached to the complaint without converting the motion into one for summary judgment pursuant to Rule 56. *See Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard requires more than the sheer possibility that a defendant has acted unlawfully. *Id*. Facts that are "merely consistent" with a defendant's liability are insufficient. *Id*. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Because Mr. McDermid is not an attorney, his pleadings and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by a lawyer. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (19972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*. However, this court cannot act as a *pro se*

4

litigant's advocate. *Id*. It is the responsibility of the pro se plaintiff to provide a simple and concise statement of his claims and the specific conduct that gives rise to each asserted claim. *See Willis v. MCI Telecomms.*, 3 F. Supp. 2d 673, 675 (E.D.N.C. 1998). This court may not "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Nor may a plaintiff defeat a motion to dismiss by alluding to facts that have not been alleged, or by suggesting violations that have not been plead. *Associated General Contractors of California Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**B. Qualified Immunity**

Defendant Grimes-Boorman has raised the qualified immunity defense as to the single claim asserted against her. Qualified immunity shields "government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotation omitted). Qualified immunity is "immunity from suit rather than a mere defense to liability [and] it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Whether defendants are entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

In resolving a motion to dismiss based on qualified immunity, this court must consider "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right," and "whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Pearson*, 555 U.S. at 232. The plaintiff bears the burden of showing, with particularity, facts and law establishing the inference that the defendant violated a clearly established federal constitutional or statutory right. *Walter v. Morton*, 33 F.3d 1240, 1242 (10th

Cir. 1994). If the plaintiff fails to satisfy either prong, the defendant is entitled to qualified immunity. *Pearson*, 555 U.S. at 236. The court has the discretion to consider these prongs in any order it chooses. *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011).

As to the first prong, "[i]f no constitutional right would have been violated were the allegations established," the inquiry is at an end. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong — whether the right was clearly established — must be considered "in light of the specific context of the case, not as a broad general proposition." *Id*. An official's conduct "violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing is violating that right.'" *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). To be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id*.

### III. ANALYSIS

**A. Defendant Renee D. Grimes-Boorman**

Careful review of Mr. McDermid's Third Amended Complaint and the attached exhibits demonstrates that he has failed to state a claim for relief against Defendant Grimes-Boorman. To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Mata v. Saiz*, 427 F.3d 745, 75 (10th Cir. 2005). To establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff must satisfy a two-pronged inquiry.

First, the plaintiff must "produce objective evidence that the deprivation at issue was in fact 'sufficiently serious.'" *Mata*, 427 F.3d at 751 (quoting *Farmer v. Brennan*, 511 U.S. 825,

834 (1994)). "[T]he question raised by the objective prong of the deliberate indifference test is whether the alleged harm . . . is sufficiently serious . . ., rather than whether the symptoms displayed to the prison employee are sufficiently serious." *Id*.

Second, the plaintiff must present evidence that the defendant had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. As the Supreme Court, in *Farmer*, explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id*. at 837. *See also Barrie v. Grand County, Utah*, 119 F.3d 862, 869 (10th Cir. 1997). "To be guilty of deliberate indifference, the defendant must know that he is creating a substantial risk of bodily harm." *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (internal quotation marks and citation omitted). Under this second prong, an assertion of mere negligence or even medical malpractice does not give rise to a constitutional violation. *Perkins v. Kansas Dept. of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). Further, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. *Id*.

Here, taking all of Mr. McDermid's allegations as true, it is apparent that he is not entitled to the relief that he seeks in this lawsuit. As a preliminary matter, Mr. McDermid's complaint lacks specific factual allegations to support his claim and, accordingly, is subject to dismissal under *Twombly* and *Iqbal*. In his complaint, he alleges that Defendant Grimes-Boorman denied giving him insulin "many times." He then lists ten days on which he allegedly did not get insulin, and states that "most" of those times were due to Defendant Grimes-Boorman. He further alleges that Defendant Grimes-Boorman "usually" holds the syringe in

such a manner that she replaces the prescribed insulin with air. These generalized, vague allegations, standing alone, do not plausibly show that the defendant engaged in any specific conduct on any specific occasion. Therefore, Mr. McDermid's allegations fall short of the specificity required to plausibly support a claim of deliberate indifference to a medical need in violation of the Eighth Amendment.

Moreover, even if this was not true, Mr. McDermid's allegations fail to satisfy either prong of the deliberate indifference inquiry. As to the first component of his Eighth Amendment claim, Mr. McDermid urges this court to focus on his diabetes diagnosis as the serious medical need. Although there is little doubt that diabetes can constitute a serious medical need, Mr. McDermid does not allege that he was generally denied treatment for his diabetes. Rather, his complaint challenges Defendant Grimes-Boorman's alleged failure to provide him with insulin on several, unspecified, occasions over the course of 18 months. Thus, this case is conceptually different from an ordinary denial of medical care case, because Mr. McDermid's claim is based on short-term interruptions or delays in the treatment that he was receiving for his underlying medical condition. *See Bender v. Reiger*, 385 F.3d 1133, 1137 (8th Cir. 2004) ("[T]he Eighth Amendment issue is not whether the infection itself is a "serious medical need," but rather whether [plaintiff] had a serious medical need for prompt interferon treatment."); *Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003) (concluding that Plaintiff had alleged a *delay* in his treatment for HIV where his claim was based upon short-term interruptions in otherwise adequate treatment).

"When the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical*

8

*condition* alone" in determining whether the alleged deprivation was sufficiently serious. *Smith*, 316 F.3d at 185. A delay or interruption in medical care "only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2007).

Accordingly, the issue here is whether the alleged periodic interruptions in Mr. McDermid's insulin treatment resulted in substantial harm. *Sealock*, 218 F.3d at 1210; *see also Graham v. Wright*, 2004 WL 1794503 (S.D.N.Y. Aug. 10, 2004) (In case where prisoner complained of delay in providing treatment for Hepatitis C, the court held that the objective element of deliberate indifference standard must be satisfied by "harm that resulted from the delay."). A close reading of Mr. McDermid's complaint shows that he has not alleged that — as a result of the interruptions in treatment — he suffered any injury that would constitute substantial harm. Although he alleges that the denial of insulin results in the production of ketones[3], he fails to make any connection between the specific interruptions and this harm. Mr. McDermid has not stated what his ketone levels were on the days he was allegedly denied insulin. And the urinalysis test result sheet, attached to his complaint as Exhibit 2B, only show ketone levels from December 24, 2013, which apparently is not a date on which Defendant Grimes-Boorman denied Mr. McDermid his insulin. Furthermore, Mr. McDermid has not alleged what specific harm he suffered as a result of the ketones. His bare and conclusory allegation that "enough ketones can be life threatening" does not demonstrate *any* injury, let alone an injury that could be considered substantial.[4]

---

[3] According to the National Institute of Health, ketones are acids, and in high levels they are poisonous. http:// www.nlm.nih.gov/medlineplus/ency/article/000320.htm.

[4] Mr. McDermid's allegations regarding his perforated ulcer are related only to the conduct of Defendant Garza.

Similarly, Mr. McDermid alleges that "when [he] did not get insulin, [his] blood glucose rises . . . and often goes over 400, which is considered a critical high reading." He then states, without more, that high glucose "causes permanent damage to the body." However, Mr. McDermid has not alleged what his glucose levels were on the days he was denied insulin. His glucose test results, attached to the complaint as Exhibit 2A, are also from a date unrelated to any of the days he was denied insulin. And he offers no specifics on what damage he has suffered as a result of his rising glucose levels.

To the extent that Mr. McDermid attempts to allege new injuries (kidney damage and peripheral neuropathy) in his Response, the court does not consider them. In a Rule 12(b)(6) motion to dismiss, the court has the discretion to consider matters outside the complaint. *Lowe*, 143 F.3d at 1381. However, when it does so, it must treat the motion to dismiss as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). "Factual allegations contained in legal briefs or memoranda are [] treated as matters outside the pleadings for purposes of Rule 12(b)." *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988) (citing *United Steelworks of Am., AFL-CIO v. Am. Int'l Aluminum Corp.*, 334 F.2d 147, 149 (5th Cir. 1964)). Here, the court declines to consider these new allegations. Therefore, the court concludes that Mr. McDermid's Eighth Amendment claim fails on the first component of the deliberate indifference standard, and may be dismissed on this basis alone.

Even if Mr. McDermid alleged the requisite substantial harm, he has not met the subjective component of the deliberate indifference standard. To prevail on the subjective prong, a prisoner must show that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (internal citation and quotation marks omitted).

Here, Mr. McDermid has not alleged any facts demonstrating that Defendant Grimes-Boorman knew he faced a substantial risk of harm. Although he generally alleges that Defendant Grimes-Boorman knew he had been prescribed insulin, there are no factual allegations regarding her state of mind at the time of the specific denials. Nor does his complaint contain any allegations to suggest that Defendant Grimes-Boorman was aware of any risk related to the periodic denials of insulin. To the extent that Mr. McDermid relies on allegations from previous versions of his complaint to support the subjective prong, the court has not considered those allegations. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).

The only indication regarding Defendant Grimes-Boorman's state of mind is Mr. McDermid's allegation that — on at least one occasion — Defendant Grimes-Boorman apparently denied Mr. McDermid insulin because he had not eaten. A review of the exhibits attached to the complaint shows that Mr. McDermid has strong opinions on how much insulin he should be given and when. However, factual allegations showing a mere difference of opinion as to the proper course of treatment do not state a constitutional violation. *Perkins*, 165 F.3d at 811. Mr. McDermid's disagreement — with the defendant's decision to deny him insulin because he had not eaten — amounts to, at most, an allegation of medical malpractice, which is not actionable under the Eighth Amendment. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). And Mr. McDermid's allegation that Defendant Grimes-Boorman's actions were "personal" is, without more, conclusory and insufficient to carry his burden. Therefore, Mr. McDermid has not sufficiently alleged that Defendant Grimes-Boorman acted with a culpable state of mind.

Because Mr. McDermid has failed to satisfy either prong of the analysis, the Court concludes that he has failed to state a claim that Defendant Grimes-Boorman was deliberately indifferent to a serious medical need in violation of the Eighth Amendment.

## B. Defendant Heriberto Garza

Mr. McDermid alleges that Defendant Garza violated his Eighth Amendment rights by reducing his insulin dosage, which ultimately resulted in a perforated ulcer. The Third Amended Complaint was filed over seven months ago on July 16, 2014; however, Mr. McDermid has not served Defendant Garza with this pleading.

> Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:
>
>> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute for failure to comply with these rules, the Federal Rules of Civil Procedure, or court order. If good cause is not shown, a district court or magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Mr. McDermid was informed during the July 16, 2014 status conference that Defendant Garza would not be a part of the case unless and until he was served with the complaint. Because Mr. McDermid has not offered any explanation as to why he has failed to serve this defendant, his claim against Defendant Garza is dismissed without prejudice.

**CONCLUSION**

In view of the foregoing analysis, Defendant Grimes-Boorman's Motion to Dismiss (Doc. # 46) is GRANTED. It is further ordered that Plaintiff's claim against Defendant Garza is hereby DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m) for failure to prosecute. No claims or Defendants remaining, this civil action is dismissed in its entirety.

DATED this 9th day of March, 2015.

BY THE COURT

s/ Craig B. Shaffer
United States Magistrate Judge